**UNITED STATES**

v.

**Staff Sergeant Larry L. RUFFIN, FR 217–62–0925, United States Air Force.**

**ACM 23260.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 May 1981.

Decided 25 Jan. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

The paramount issue in this case is whether an out-of-court statement of a 13 year old declarant is admissible into evidence under the residual hearsay exception of Mil.R.Evid. 804(b)(5). The accused contends that this expansion of the rule violates his Sixth Amendment rights to confrontation and cross-examination. The Government responds by urging that these rights are not absolute, but must in special

circumstances, give way to accommodate legitimate prosecutorial interests. We hold that the statement was admissible in evidence.

I

On 24 February 1981, the accused was charged with three specifications of sodomy, two separate incidents occurring on 21 February 1981, and at divers times between 1 March 1979 and 5 August 1980, with K. L. D., his 13 year old step-daughter (Specifications 1, 2 and 3, Charge I); aggravated assault against T. L. H., his 15 year old step-daughter on 21 February 1981 (Specification of Charge II); and lewd and lascivious acts with K. L. D. at divers times between 1 March 1979 and 5 August 1980 (Specification of Charge III).

Under a pretrial agreement, the accused agreed to plead guilty to Specifications 2 and 3 of Charge I and to each Specification of Charges II and III, and in exchange the convening authority would approve no sentence in excess of a bad conduct discharge and six years confinement at hard labor.

The case was heard as a bench trial; and after a careful and detailed inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.R.1969) the guilty plea was accepted and findings entered.[1]

During sentencing proceedings, the accused related he wanted to stop what he was doing but could not. He also indicated that alcohol was a factor in his behavior. After brief questioning, the military judge suggested that insanity might be available as a defense. Later, in response to a question, the accused said:

ACC: Sir, like I said, Sir. I love my kids and I don't mean to hurt none of 'em, Sir; if I could control myself, I wouldn't have done what I did.

From this limited exchange and the prior questioning the military judge concluded "... the defense of intoxication or some sort of insanity defense" might be interposed on behalf of the accused.[2] He set aside the findings of guilty, entered a plea of not guilty and recused himself.

II

The trial reconvened before a different military judge who heard the case without members. It was established that on 21 February the Military Police responded to a domestic disturbance at the accused's quarters in the Hainerberg Housing Area, Wiesbaden, Germany. There they met K. L. D. and T. L. H., the accused's teenage step-daughters who were crying and hysterical.

T. L. H. related she heard her sister crying in the bathroom and attempted to enter. When she could not get in she started to tell her mother, but the accused exited the bathroom and chased her into the bedroom. There he knocked T. L. H. to the bed, attempted to choke her and when she eluded his grasp, tried to smother her with a pillow. A medical examination disclosed scratches on the right side of the neck and soreness of the anterior neck. Finally, K. L. D. told the military police "My daddy put his thing here," and pointed to her rectum. Two days later the accused admitted having anal intercourse with his step-daughter. There was evidence he had been drinking when the offenses occurred.

Both girls were called as witnesses but refused to testify when ordered to do so by the military judge. The out-of-court statement given by K. L. D. to investigative officials two days after the incident was admitted into evidence pursuant to Mil.R. Evid. 804(b)(5). Therein she related her father "touched and licked my vagina" when the family was living in California and Texas.

---

1. Specification 1 of Charge I was dismissed after the Government indicated it would introduce no evidence on that specification.

2. A sanity board, some three weeks before trial, diagnosed the accused as suffering from habitual excessive drinking and a chronic organic brain syndrome of non-psychotic propor-

tions. Neither condition impaired his capacity to conform his conduct to the requirements of the law, to understand the nature of the proceedings against him and to intelligently cooperate in his own defense. Apparently, the military judge was unaware of the sanity board's findings and neither counsel told him.

The military judge found the accused guilty of an act of sodomy on K. L. D. occurring on 21 February 1981 (Specification 1 (Renumbered) of Charge I); guilty of the lesser included offense of lewd and lascivious acts upon K. L. D. at divers times between 1 March 1979 and 5 August 1980 (Specification 2 (Renumbered) of Charge I); guilty of the lesser included offense of assault consummated by a battery on T. L. H. on 21 February (Specification of Charge II); and guilty of lewd and lascivious acts upon K. L. D. at divers times between 1 March 1979 and 5 August 1980 (Specification of Charge III). The offenses alleged in Specification 2 (Renumbered) of Charge I and the Specification of Charge III are identical. This will be discussed later in this opinion.

The accused was sentenced to a dishonorable discharge, seven years confinement at hard labor, forfeiture of $100.00 per month for five years, and reduction to airman basic. The convening authority chose to abide by the pretrial agreement and approved only a bad conduct discharge and six years confinement at hard labor.

### III

This case is one of first impression involving the residual hearsay exception in Mil.R. Evid. 804(b)(5). The pertinent provisions of this rule state:

RULE 804. HEARSAY EXCEPTIONS; DECLARANT UNAVAILABLE

(a) *Definitions of unavailability.* "Unavailability as a witness" includes situations in which the declarant

\* \* \* \* \* \*

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the military judge to do so;

(b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant in unavailable as a witness:

\* \* \* \* \* \*

(5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the military judge determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence. However a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

■ The threshold question to be decided as to the admissibility of the step-daughter's out-of-court statement is her availability. This need not detain us long as her refusal to testify when ordered by the military judge clearly made her unavailable under Mil.R.Evid. 804(a)(2). *United States v. Bailey*, 439 F.Supp. 1303 (WDPA 1977). It is also apparent that the defense knew in advance that the Government was going to offer the statement and was given a fair opportunity to prepare to meet it. The contents of the statement and the declarant's name and address were known to the accused. Mil.R.Evid. 804(b)(5).

Having concluded that the declarant was unavailable and that the defense was put on notice of the Government's intention to use the statement and was thereafter given ample time to prepare any opposition, we now address the dominant issue: Does the use of the declarant's out-of-court statement pursuant to Mil.R.Evid. 804(b)(5) violate the accused's right to confront and cross-examine witnesses against him?

■ The presentation of live testimony is always favored over the presentation of hearsay testimony. *United States v. Mathis*, 559 F.2d 294 (5th Cir. 1974). However, the rights to confront and cross-examine are not absolute. At times, the criminal

trial process requires that they yield to competing interests. *United States v. Fatico*, 441 F.Supp. 1285 (E.D.N.Y.1977). While the Supreme Court recognized this to be so, it cautioned in *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), that substantial justification is required before either right is denied or significantly diminished.

There is considerable federal case law interpreting Fed.R.Evid. 804(b)(5) from which Mil.R.Evid. 804(b)(5) was taken without change. In *United States v. White*, 611 F.2d 531 (5th Cir. 1980), in admitting an out-of-court statement, a Federal Court of Appeals cautioned:

"[T]he residual hearsay exception should be used sparingly and the discretion of the trial judge is not unlimited, but we also recognize that the duty of the trial judge involves the task of balancing the need for the hearsay against its trustworthiness.

Notwithstanding the above admonition, there are numerous federal decisions admitting out-of-court statements into evidence. *United States v. West*, 574 F.2d 1131 (4th Cir. 1978); *United States v. Garner*, 574 F.2d 1141 (4th Cir. 1978); *cert. denied*, 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333; *United States v. Ward*, 552 F.2d 1080 (5th Cir. 1977); *United States v. Lyons*, 567 F.2d 777 (8th Cir. 1977); *United States v. Medico*, 557 F.2d 309 (2nd Cir. 1977); *See United States v. Grasso*, 552 F.2d 46 (2nd Cir. 1977); *United States v. Carlson*, 547 F.2d 1346 (8th Cir. 1976).

■ Statements admitted pursuant to the residual hearsay exception do not violate the confrontation rights of an accused if it is certain the declarant actually made the statement in question and if there is circumstantial evidence supporting the truth of that statement. *United States v. Blakey*, 607 F.2d 779 (7th Cir. 1979).

■ We now examine the specific requirements for admissibility under Mil.R. Evid. 804(b)(5). First, it is clear that the declarant made the statement; her signature was on it and the individual who took the statement testified to the surrounding circumstances. Second, there is no question but the statement is evidence of a material fact. This point was conceded at trial. Third, the statement was more probative on the point for which it was offered than any other available evidence. This requirement was satisfied because only K. L. D. could provide specific evidence of her step-father's misconduct with her. The final requirement is that the general purpose of the rule and the interests of justice will best be served by admission of the statement into evidence. K. L. D. declared in her statement that the accused, while stationed in California, "touched and licked my vagina." This statement was given under oath two days after the incident of 21 February. *Compare United States v. Bailey*, 581 F.2d 341 (3d Cir. 1978); *Turbyfill v. International Harvester*, 486 F.Supp. 232 (E.D.Mich.1980). There was also independent evidence before the court that the accused and his family were assigned to a base in California during the period between March 1979 and August 1980. Lastly, we can only conclude that K. L. D.'s refusal to testify on behalf of the Government was motivated by a desire to help her step-father. All of the above factors are corroborating circumstances which serve to guarantee the trustworthiness of the statement and, in the interests of justice, mandate its admission. *United States v. Bailey*, *supra*. The purpose behind the residual hearsay exception is to encourage the growth and development of the law of evidence by giving the courts the flexibility to deal with new evidentiary situations. *United States v. Mathis, supra*. The out-of-court statement of K. L. D. was correctly admitted into evidence.

IV

■ Appellate defense counsel urge that either Specification 2 (Renumbered) of Charge I or the Specification of Charge III be set aside as both specifications contain identical language and proscribe the same unlawful behavior. Each resulted in findings of guilty that the accused committed lewd and lascivious acts with K. L. D. at

divers times between 1 March 1979 and 5 August 1980, at Vandenberg Air Force Base, California. Government counsel concede that one of the specifications should be set aside. We agree. The two findings of guilty are for the same course of conduct over the same period of time with the same individual. Accordingly, we exercise our discretion, set aside the findings of guilty, and dismiss the Specification of Charge III and Charge III. *United States v. Burt*, 45 C.M.R. 557 (A.F.C.M.R.1972), Pet. den. 45 C.M.R. 928 (1978); *See also United States v. Graves*, 12 M.J. 583 (A.F.C.M.R.1981); *See also United States v. Gibson*, 11 M.J. 435 (C.M.A.1981).

The remaining findings of guilty are correct in law and fact. In view of the foregoing, we have reassessed the sentence but find it nonetheless appropriate. The findings of guilty, as modified, and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.