**UNITED STATES, Appellee,**

v.

**Private First Class Benjamin F. THORNTON, SSN 231–84–8767, United States Army, Appellant.**

**CM 442885.**

U.S. Army Court of Military Review.

13 Sept. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Patrick F. Crow, JAGC, and Captain Claudio F. Gnocchi, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Garreth E. Shaw, JAGC, were on the pleadings for appellee.

Before HANSEN, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

COHEN, Judge:

Contrary to his pleas, the appellant was found guilty of aggravated assault by intentionally inflicting grievous bodily harm in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976). His approved sentence provides for a bad-conduct discharge, eighteen months confinement, total forfeitures, and reduction to the grade of Private E–1.

Appellant was arrested by military police after the German police requested that he

be interviewed about the beating of his girlfriend, a German citizen. A military police investigator testified at trial that during the interview the appellant admitted striking his girlfriend with an open hand approximately twenty times. At trial, the trial counsel introduced into evidence a sworn statement made by the victim at the staff judge advocate's request. In this statement the victim claimed the appellant hit her more than fifteen times and kicked her numerous times with his feet. This statement was admitted under Military Rule of Evidence 804(b)(5) over the objection of trial defense counsel. The appellant asserts that the victim's sworn statement was improperly admitted under the residual hearsay exception, Military Rule of Evidence 804(b)(5), and further, that the admission of this evidence violated his right to confront the adverse witness under the Sixth Amendment of the Constitution.

■ As a threshold determination, we find that the declarant's unavailability was established under the Sixth Amendment and under Military Rule of Evidence 804(a)(5). "The basic litmus test of Sixth Amendment unavailability is established: '[A] witness is not unavailable for purposes of the ... exception to the confrontation requirement unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial.'" *Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980), *quoting Barber v. Page,* 390 U.S. 719, 724–5, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968). Under Military Rule of Evidence 804(a)(5), unavailability of the declarant is established when "the proponent of his statement has been unable to procure his attendance ... by process or other reasonable means." Since the law only requires a good faith effort to obtain the presence of the declarant, the proponent need not pursue a futile act.

The appellant claims that more could have been done to secure the presence of the declarant in the present case, but in so claiming, appellant does not offer any sug-

gestions. The proponent tried to procure the declarant's presence by subpoena, and also sought assistance from her mother, her friends, and the German police. The declarant could not be found at her legal German residence or at her various "hangouts." One, in hindsight, may always think of the unexplored alternatives, but the poor prognosis of success "must neutralize any intimation that a concept of reasonableness required their execution." *Ohio v. Roberts,* 448 U.S. at 76, 100 S.Ct. at 2544. In *Roberts,* the issuance of five subpoenas without an investigation as to the declarant's whereabouts was sufficient to find the declarant unavailable. In the present case, an active search for the declarant concomitant with the issuance of a subpoena is also sufficient. We find that the declarant was indeed unavailable for purposes of Military Rule of Evidence 804(a)(5) and the Sixth Amendment.

■ Although we find that the declarant was unavailable, we agree with appellant that the declarant's sworn statement was improperly admitted under Military Rule of Evidence 804(b)(5). The Joint Service Committee on Military Justice intended for this rule of evidence to be employed in the same manner as it is generally applied in Article III courts. Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter Manual], Appendix 18, Analysis of the 1980 Amendments to the Manual for Courts-Martial, Rule 803(24), at A18–107.[1] Congress "intended that the residual hearsay exception ... be used very rarely, and only in exceptional circumstances." Committee on the Judiciary, S.Rep. No. 1277, 93rd Cong., 2d Sess. 20, *reprinted in* 1974 U.S.Code Cong. & Ad.News 7051, 7066. Accordingly, the requirements of the rule must be strictly construed.

Military Rule of Evidence 804(b)(5) provides that the hearsay statement of an unavailable declarant, "not specifically covered by any of the foregoing exceptions, but having equivalent circumstantial guarantees of trustworthiness ..." shall be admit-

---

1. Military Rule of Evidence 804(b)(5) and its companion exception, Military Rule of Evi-

dence 803(24), are discussed in the analysis under Military Rule of Evidence 803(24).

ted. In *United States v. Whalen,* 15 M.J. 872 (A.C.M.R.1983), we found that extensive cross-examination of the declarant by opposing counsel at trial creates circumstantial guarantees of trustworthiness to support admission of the declarant's statement under the residual hearsay exception.[2] In the present case, the declarant was subject only to cross-examination by defense counsel at the Article 32 hearing. "[Because] Article 32 hearings were intended by Congress to function as discovery devices for the defense as well as to recommend an appropriate disposition of charges to the convening authority," it is more than a possibility that the defense counsel used the Article 32 hearing for discovery purposes alone. Manual, Appendix 18, Analysis of the 1980 Amendments to the Manual for Courts-Martial, Rule 804(b)(1), at A18–109. Accordingly, we are not convinced in the present case that the defense counsel had the requisite similar motive to develop the testimony of the declarant at the Article 32 hearing as he would have had on cross-examination at trial.

Another indicia of trustworthiness found in *Whalen*—the contemporaneity of the hearsay statement with the event it describes—is also absent in this case. In *Whalen,* the hearsay statement was made shortly after the incident. Nearly four months passed before the declarant gave her statement in the case at bar.

■ In *Whalen* we recognized the need for the residual hearsay exception "to provide for treating new and presently unanticipated situations which demonstrate a trustworthiness within the spirit of the specifically stated exceptions." 15 M.J. at 877. However, the declarant's statement in this case lacks similarity with any established hearsay exception. Indeed, Military Rule of Evidence 803(8)(B) arguably proscribes the use of this hearsay statement made

before the assistant staff judge advocate—a person acting in a law enforcement capacity. Military Rule of Evidence 803(8)(B) excludes from the public records hearsay exception "all matters observed by police and other personnel acting in a law enforcement capacity." The framers found "problems inherent in records prepared only for purposes of prosecution." Manual, Appendix 18, Analysis of the 1980 Amendments to the Manual for Courts-Martial, Rule 803(8)(B), at A18–105. The conference committee's report under Federal Rule of Evidence 804(b)(5) expressly denied a Senate version of the rule that would have allowed criminal law enforcement records to be admitted if the declarant was unavailable. Conf.Rep. No. 1597, 93rd Cong., 2d Sess. 12, *reprinted in* 1974 U.S.Code Cong. & Ad.News 7098, 7106.[3] Although the present statement was not made by a law enforcement official, it was procured and prepared by one. Given the lack of any indicia of trustworthiness and the arguable rejection of such a hearsay statement under Military Rules of Evidence 803(8)(B) and 804(b)(5), we find that the statement fails to meet the rigid requirements of the residual hearsay exception and was improperly admitted.

■ This finding does not end our inquiry for the appellant also asserts a more advantageous error for purposes of relief— that the admission of the victim's statement violates the appellant's right to confront the adverse witness under the Sixth Amendment Confrontation Clause. "While it may readily be conceded that hearsay rules and the Confrontation Clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed histori-

**2.** The main justification for the exclusion of hearsay is the absence of full and effective cross-examination of the declarant "... to answer any questions, to solve any difficulties, to reconcile any contradictions, to explain any obscurities, [and] to remove any ambiguities ..." in the hearsay statement. 5 J. Wigmore, Evidence § 1362, at 6 (Chadbourne rev. 1974),

*quoting Coleman v. Southwick,* 9 Johns. 45, 50 (N.Y.1812).

**3.** As indicated previously, Military Rule of Evidence 804(b)(5) is applied in the same manner as in Article III courts. The legislative history of Federal Rule of Evidence 804(b)(5) is thus instructive in applying the rule.

cally at common law." *California v. Green,* 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970). For a hearsay statement to pass muster under the Confrontation Clause, two essential requirements must be met. First, the prosecution must either produce or demonstrate the unavailability of the declarant whose statement it wishes to use against the accused. *Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). As discussed above, the proponent has satisfied this threshold requirement of unavailability. Second, the Confrontation Clause "countenances only hearsay marked with such trustworthiness that there is no material departure from the reason of the general rule." *Ohio v. Roberts,* 448 U.S. at 65, 100 S.Ct. at 2539 (1980). This requirement of "indicia of reliability" has been satisfied when evidence falls within a firmly rooted hearsay exception, *id.* at 66, 100 S.Ct. at 2539, and when the adverse party has had an opportunity to cross-examine the declarant. *California v. Green,* 399 U.S. at 153, 90 S.Ct. at 1932 (1970).

■ For many of the same reasons we found the declarant's hearsay statement not trustworthy under Military Rule of Evidence 804(b)(5), we also find it not reliable under the Sixth Amendment Confrontation Clause. No established hearsay exception applies to this statement and, as discussed above, we do not find that defense counsel had an adequate opportunity to cross-examine the declarant at the Article 32 hearing. The statement was procured and utilized solely in the prosecution of this case and was not contemporaneous with the event. The reliability of the declarant, an admitted drug addict, is questionable at best. In sum, we do not find sufficient indicia of reliability to allow the hearsay statement to pass muster under the Sixth Amendment.

■ Notwithstanding our finding that the hearsay statement of the victim was improperly admitted, we find the error to be harmless. When two standards of error are at issue, one involving the Military Rules of Evidence, and one involving the underlying constitutional rule, the standard of error more advantageous to the appellant will apply. *See,* Manual, Appendix 18, Analysis of the 1980 Amendments to the Manual for Courts-Martial, Rule 103, at A18–3. Error of constitutional dimension, in the present case violation of the Sixth Amendment, requires reversal unless it is determined harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Ward,* 1 M.J. 176, 179–80 (C.M.A. 1975). The Supreme Court has used three tests when applying this standard of constitutional error: (1) focusing on the erroneously admitted evidence or other constitutional infraction to determine whether it might have contributed to the conviction; (2) disregarding the erroneously admitted evidence where overwhelming evidence supports the conviction; and (3) determining whether the erroneously admitted evidence is merely cumulative, duplicating properly admitted evidence. *United States v. Alba,* 15 M.J. 573, 576 (A.C.M.R.1983). *See* Field, *Assessing the Harmlessness of Federal Constitutional Error—A Process in Need of a Rationale,* 125 U.Pa.L.Rev. 15 (1976). "The Court of Military Appeals has used the first two tests, more or less interchangeably." *Alba,* 15 M.J. at 576. Even under the more stringent test which focuses on the erroneously admitted evidence, we are convinced beyond a reasonable doubt that the military judge was not influenced in his decision by the admission of the victim's sworn statement. The indicia of guilt provided by this evidence is miniscule when compared with other competent evidence placing the appellant at the scene of the crime and with the appellant's confession to the military police investigator. We are satisfied that the admission of the victim's sworn statement in contravention of the Sixth Amendment Confrontation Clause did not contribute to the conviction and was harmless error.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge NAUGHTON concurs.

Chief Judge HANSEN concurs in the result.