UNITED STATES

v.

**Staff Sergeant Norman A. CRAYTON, Jr., FR 577–80–3035, United States Air Force.**

**ACM 24040.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 May 1983.

Decided 18 Jan. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The residual hearsay exception of Mil.R. Evid. 803(24) is the focal issue of this appeal.[1] The accused argues that the military judge erred in admitting the pretrial statement of his stepdaughter after sha had recented its contents in court. He asserts that her out-of-court statement lacks "circumstantial guarantees of trustworthiness" and is therefore inadmissible. On the other hand, the Government urges that the question of admissibility of a statement offered under the residual hearsay exception is within the discretion of the trial judge and he did not abuse that discretion in admitting the statement.

### I

The record disclosed that in November 1982, the accused's stepdaughter, DL, age 14, was removed from his household by the Nebraska Child Protective Services and made a ward of the State. Near the end of December an investigator for the Child Protective Services informed the Office of Special Investigations (OSI) that it appeared the accused had been sexually abusing his minor stepdaughter. On 6 January 1983, OSI agents attempted to discuss the allegation with DL, but she declined to be interviewed; later, on 4 February, DL gave a written statement that the accused made her engage in various sex acts including fellatio and cunnilingus. She indicated that some of the incidents took place at MacDill Air Force Base, Florida, during the summer of 1981; subsequent other acts took place while the family was living on Okinawa.

The accused, after advisement of rights, admitted to law enforcement investigators that he had, on two occasions, fondled his stepdaughter's breasts and genitalia. He denied any other sexual contact.

At the pretrial investigation DL refused to discuss the incidents concerning her stepfather beyond replying "yep" when asked if they really did take place.

At trial she testified that the accused never did the things of which she had accused him. She said she "made up the story" because she "hated" the accused and resented her mother marrying him. She signed the statement she gave the OSI without reading it and did not provide them the dates and places contained in the document. The whole thing, according to DL, was done in order to get attention from her mother. After DL testified, the prosecution offered her out-of-court statement of 4 February which the military judge admitted pursuant to Mil.R.Evid. 803(24).

Both DL's mother and older brother testified that she was untruthful and would do anything to get attention. DL was described by her mother as a "professional liar" who manipulated people.

---

1. The provision under review states:

   Rule 803. HEARSAY EXCEPTIONS: AVAILABILITY OF DECLARANT IMMATERIAL

   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   \* \* \* \* \* \*

   (24) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

The accused, testifying in his own behalf, admitted to fondling his stepdaughter's breasts. He denied, however, any additional sexual misconduct contending that his statement to the contrary given the OSI was untrue and was made by him to stop the questioning.

With the evidence in this posture the accused was convicted, by exceptions, of an assault consummated by a battery on a female under 16 years of age by fondling her breasts and genitalia in violation of Article 128, U.C.M.J., 10 U.S.C. § 928. The approved sentence extended to a dishonorable discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to airman basic.

## II

We addressed the admissibility of statements offered under the residual hearsay exception in *United States v. Ruffin*, 12 M.J. 952 (A.F.C.M.R.1982), *pet. denied*, 13 M.J. 494 (C.M.A.1982). In that decision we concluded that a statement admitted pursuant to the residual hearsay exception [2] does not violate the accused's right of confrontation if there is circumstantial evidence of record supporting the statement's trustworthiness. In *Ruffin, supra,* as in the instant case, the allegations before the Court involved the sexual abuse of a child. There the witness's out-of-court statement was admitted after she refused to testify when ordered to do so by the military judge. We examined the intent of the Rule and the circumstances then present which served to guarantee the trustworthiness of the statement. We determined that the statement had "exceptional guarantees of trustworthiness" and the trial judge properly admitted it. *Accord United States v. Bailey*, 581 F.2d 341 (3d Cir.1978).

■ Whether an out-of-court statement possesses the required "circumstantial guarantees of trustworthiness" is a question of law and if that trustworthiness is lacking

the statement should be excluded. *United States v. Robinson*, 544 F.2d 110 (2d Cir. 1976). The decision to admit evidence under the exception set out in Mil.R.Evid. 803(24) lies with the discretion of the trial judges. *United States v. Whalen*, 15 M.J. 872 (A.C.M.R.1983), and unless he *clearly* abuses that discretion we will not disturb his ruling.

■ Mil.R.Evid. 803(24) is identical with Federal Rule of Evidence 803(24). Accordingly, federal case law may be looked to for guidance. In *United States v. White*, 611 F.2d 531 (5th Cir.1980), our brethren on the federal bench cautioned that the residual hearsay exception should be used *sparingly* and the discretion of the trial judge is not unlimited. It follows that not every extra-judicial statement of a witness meets the conditions that must be satisfied under the Rule before it can be admitted. The circumstances that support its trustworthiness is the linchpin governing its admissibility. In the case at bar there is a dearth of physical or testimonial evidence showing that the out-of-court statement of DL represented the truth. At trial she testified that her statement was false and gave a plausible explanation why she wrongly accused her stepfather of sexual misconduct. In summary, we find that the circumstantial guarantees of trustworthiness that were present in the statement admitted in *Ruffin, supra,* are lacking here. We realize that corroboration is not required to admit a statement offered under Mil.R.Evid. 803 (24), but the presence or absence of corroborating evidence is a circumstance to be examined. *United States v. King*, 16 M.J. 990 (A.C.M.R.1983). Here there is little to give DL's statement an indicia of reliability. The military judge erred in admitting her out-of-court statement. *United States v. King, supra; contra, United States v. Whalen, supra.*

We caution those who read this opinion to do so narrowly as we are not repudiating our analysis of Mil.R.Evid. 803(24) set forth in *United States v. Ruffin, supra*. Rather,

2. *See* Mil.R.Evid. 803(24) and 804(b)(5).

our decision here is bottomed on the lack of equivalent circumstantial guarantees of trustworthiness surrounding DL's out-of-court statement.

### III

■ Our holding that the trial judge erroneously admitted DL's statement would normally require a rehearing: however, we note that in his trial testimony, upon direct examination and again on cross-examination, the accused judicially confessed to fondling his stepdaughter's breasts. Since he has judicially acknowledged an assault consummated by a battery on a female under 16 years of age, we may, by exceptions, affirm his conviction of that offense. *See also United States v. Wai*, 3 C.M.R. 728 (A.F.B.R.1952); *see generally United States v. Cannizo*, 6 C.M.R. 524 (A.F.B.R.1952). Further, since the accused judicially admitted his misconduct, corroboration of his admission is not required. Mil.R.Evid. 304(g).

■ In affirming the accused's conviction, we have not overlooked the doctrine stated by the United States Supreme Court in *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1967), the Court of Military Appeals in *United States v. Bearchild*, 17 U.S.C.M.A. 598, 38 C.M.R. 396 (1968) and this Court in *United States v. Surenian*, 41 C.M.R. 693 (A.F.C.M.R.1970) that an improperly admitted confession or the receipt of evidence obtained in an illegal search might impel an accused to testify in order to explain away in an exculpatory manner his pretrial statement or the possession of incriminating evidence. However, as the Court of Military Appeals indicated in *United States v. Dewitt*, 3 M.J. 455 (C.M.A.1977), the purpose of *Harrison* and *Bearchild, supra*, is to deter illegal investigative techniques on the part of the Government. Here no such illegality exists. The concern for judicial integrity that the Supreme Court expressed in *Harrison, supra*, and the Court of Military Appeals in *Bearchild, supra*, would not be served by extending the *Harrison/Bearchild* doctrine to this case where there is no misconduct by law enforcement officers. In *United States v.*

*Bohle*, 475 F.2d 872, 875 (2d Cir.1973), a Federal Appeals Court came to the same conclusion when it stated:

> We see no reason to extend the "fruits" doctrine to testimony "impelled" by *mere evidentiary hearsay*, as distinct from unconstitutional police practices. [emphasis added]

The conscious tactical decision of the accused and his trial defense counsel that the accused testify must be allowed to stand. *United States v. Bohle, supra; see generally Leary v. United States*, 544 F.2d 1266 (5th Cir.1977); *accord United States v. Kelley*, 8 M.J. 84, 93 (C.M.A.1979) (Appeals—Summary Disposition, Fletcher, C.J., dissenting); *see also United States v. Martinez*, 6 M.J. 627 (A.C.M.R.1979); *cf. United States v. Mueller*, 42 C.M.R. 986 (A.F.C.M. R.1970), *pet. denied* 20 U.S.C.M.A. 631 (1970).

■ There is compelling evidence, *i.e.*, a judicial confession that the accused assaulted his stepdaughter by unlawfully fondling her breasts. Accordingly, only so much of the findings of guilty of the Specification of the Charge that the accused, on divers occasions between on or about 6 October 1980 and on or about 30 October 1982, unlawfully touched the body of DL, a female under 16 years of age, by fondling her breasts, is affirmed. Reassessing the sentence based on the modified findings of guilty, we find appropriate only so much thereof as extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of all pay and allowances, and reduction to airman basic.

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.