UNITED STATES

v.

**Captain Mason T. FORBES, 229–70–3781 FR United States Air Force.**

**ACM 24601.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Oct. 1984.

Decided 20 Feb. 1985.

---

■■■■■■■■■■

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Bruce T. Brown.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

■■■ After a motion to suppress his confession was denied, the appellant entered a conditional guilty plea to a single specification of drug abuse. R.C.M. 910(a)(2) permits such a procedure and states in part:

> (2) *Conditional Pleas.* With the approval of the military judge and the consent of the Government, an accused may enter a conditional plea of guilty, reserving in writing the right, on further review or appeal, to review of the adverse determination of *any specified pretrial motion* .... [emphasis added]

This provision is based on Fed.R.Crim.P. 11(a)(2) and does not give the accused an absolute right to enter a conditional guilty plea. Certain conditions must be met, i.e. the government must *consent* to and the military judge must *approve* the acceptance of such a plea. Since the purpose of a conditional guilty plea is the conservation of judicial and governmental resources, the discretion allowed the trial judge and the government is not subject to challenge by an accused. See M.C.M.1984, Appendix 21, Rule 910, A21–52.

■■■ Additionally, an accused must preserve the issue on which the conditional guilty plea is based by challenging the evidence in a pretrial motion. In the case, *sub judice,* the appellant's conditional guilty plea, with the consent of the government and the approval by the trial judge, stated:

> I understand that by entering this conditional plea of guilty I am reserving the right to further review or appeal of the adverse determination on the *motion to suppress my confession and to challenge the validity of the urinalysis test results* .... [emphasis added]

While his announced intent was to challenge the urinalysis test results, the appellant did not make this evidence the subject of a pretrial motion to suppress. We view as mandatory the rule requirement that an accused must first challenge by pretrial motion the legal issue he wishes to preserve for appeal. Since the appellant did not do so in the case at bar, any issue as to the validity of the urinalysis results has been waived by his guilty plea.

■■■ We now address the correctness of the trial judge's ruling denying the motion to suppress the challenged confession. On 6 December 1983, the appellant was interviewed by Special Agent Esaias, Office of Special Investigations (OSI) and Staff Sergeant Thomas, a security policeman. The interview was the outcome of a urinalysis test which suggested the appellant was a drug abuser. When the questioning began is disputed—the interviewers stated the appellant arrived at the OSI at "about" 0920. The appellant, on the other hand, maintained that his arrival was closer to 0830. Agent Esaias testified that after advisement of rights and some 15 minutes into the interview, the appellant admitted he had used marijuana at various times and places. This admission was reduced to writing and signed. Esaias indicated when the appellant asked, "Did [he] need a lawyer?," he was told that the decision was "up to him." She acknowledged telling him this was an opportunity to "tell his side of the story," and any explanation he made would be brought to his commander's attention. She specifically denied making any promises to him as to how the case would be resolved.

The appellant conceded he was advised of his codal rights, but maintained when he asked for a lawyer, Esaias got "huffy" and left the room. He testified the information

in the statement was true, but she dictated it, and he "just put down" what she told him. He gave the statement because he "was tired of the questioning [and] just wanted to get out of there."

The trial judge found, in detailed findings of fact, that the appellant was given the proper codal warnings and advised of his right to counsel; he never asked for a lawyer and Agent Esaias never left the room; he was made no promises and never asked to stop the interview. In summary, the trial judge concluded the challenged statement was voluntary and was not obtained through unlawful means. *United States v. Carmichael,* 21 U.S.C.M.A. 530, 45 C.M.R. 304 (1972); *United States v. Dennis,* 16 M.J. 957 (A.F.C.M.R.1983).

The Government had the burden of proving that the appellant knowingly and voluntarily waived his right to remain silent and to the assistance of counsel. Mil.R.Evid. 304(e). We are convinced this burden was met. The trial judge heard and saw the witnesses offered by both sides on the motion to suppress. By denying the motion and admitting the statement, he established his disbelief of the appellant's testimony. We find nothing in the trial transcript to overturn his ruling. *United States v. Garcia,* 15 M.J. 685 (A.F.C.M.R.1983). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge and MURDOCK, Judge, concur.