**UNITED STATES**

v.

**Sergeant Raymond C. BARROR, Jr.,
FR 386–72–1423, United States
Air Force.**

**ACM 24607.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Aug. 1984.

Decided 15 March 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The residual hearsay exception of Mil.R. Evid. 804(b)(5) is the focus of this appeal and centers on a statement the appellant's 14 year old stepson gave law enforcement agents during the early morning hours of 22 December 1983. In his statement the child described a sexual assault by his stepfather that occurred just a few hours before. At trial the appellant moved to suppress the statement, arguing its admission would be in violation of the Sixth Amendment to the Constitution in that his right to cross-examination would be extinguished.

After the trial judge denied the suppression motion, the appellant entered a conditional plea of guilty to sodomy, i.e., fellatio with a child under the age of 16 years. See R.C.M. 910(a)(2); *United States v. Forbes*, 19 M.J. 953 (A.F.C.M.R.1985). In addition, he unconditionally pled guilty to forceable sodomy upon a sleeping roommate. The approved sentence extends to a bad conduct discharge, confinement for 30 months,

forfeiture of $397.00 per month for 30 months, and reduction to airman basic.

■ The Courts of Military Review and most federal appellate courts have consistently held that statements admitted pursuant to the residual hearsay exception do not violate the confrontation clause of the Sixth Amendment if the declarant actually made the statement and if there are "circumstantial guarantees of trustworthiness" supporting the truth of the statement. *United States v. Henderson,* 18 M.J. 745 (A.F.C.M.R.1984); *pet. denied,* 19 M.J. 243 (C.M.A.1984); *United States v. Crayton,* 17 M.J. 932 (A.F.C.M.R.1984), *pet. denied,* 19 M.J. 57 (C.M.A.1984); *United States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.1982), *pet. denied,* 13 M.J. 494 (C.M.A.1982); *see also United States v. Hines,* 18 M.J. 729 (A.F.C.M.R.1984) (Hodgson, C.J., joined by Foray, S.J. concurring in the result), *pet. granted,* 19 M.J. 246 (C.M.A.1984); *see United States v. Harris,* 18 M.J. 809 (A.F.C.M.R.1984); *accord United States v. Groves,* 19 M.J. 804 (A.C.M.R.1985); *United States v. White,* 611 F.2d 531 (5th Cir.1980); *United States v. Blakey,* 607 F.2d 779 (7th Cir.1979).

After considering stipulations of fact entered into by both counsel and the appellant and proffers of proof submitted by the government and to which the defense affirmatively had no objection, the trial judge made extensive findings of fact that, summarized in part, are as follows:

(1) CD was 14 years of age on 21 December 1983. The appellant is his stepfather;

(2) On 22 December 1983, CD made a verbal statement to law enforcement agents concerning the sexual misconduct of his stepfather with him on the evening of 21 December 1983;

(3) On 22 December 1983, shortly after making the verbal statement, CD, with the assistance of law enforcement officials, executed a typed statement. This statement was a recapitulation of the incident described by CD which was reviewed and sworn to by him;

(4) Forensic analysis of semen stains found on the clothing worn by CD on 21 December revealed that the semen could not have originated from CD. Conversely, the analysis revealed the detected semen could have originated from the appellant;

(5) CD has never repudiated his statement and as late as 6 July 1984, reaffirmed its truthfulness to interviewers;

(6) CD is unavailable as a witness;[1]

(7) CD's written statement of 22 December 1983, has circumstantial guarantees of trustworthiness;

(8) The defense was given adequate notice that the government intended to offer CD's statement as evidence.

The trial judge ruled that the challenged statement was admissible under the residual hearsay exception of Mil.R.Evid. 804(b)(5).

This Court first undertook to discuss the admissibility of statements offered under the residual hearsay exception in *United States v. Ruffin, supra.* In that decision we held that a statement admitted pursuant to the residual hearsay exception[2] does not violate an accused's right of confrontation if there is an adequate indicia of reliability in the record to support the statement's trustworthiness and if the specific requirements of admission under Rule 804(b)(5) were met. It is these latter requirements we now address.

■ First, in the case at bar, the parties agreed that the declarant made the state-

---

**1.** The parties stipulated that CD would refuse to testify against his stepfather and would continue to do so in the face of all moral persuasion and an order by the military judge. The basis for his refusal was that he did not wish to aid the prosecution of his stepfather for sodomy. The defense conceded that CD was not available as a witness. *Cf. United States v. Hogan,* 16 M.J. 549 (A.F.C.M.R.1983) (trial judge made only a perfunctory effort to obtain the testimony of the witness).

**2.** See Mil.R.Evid. 803(24) and 804(b)(5).

ment. Second, that the statement is evidence of a material fact is not open to debate. Third, the statement was more probative on the point for which it was offered than any other available evidence. This requirement was satisfied as only CD could provide specific evidence of his stepfather's sexual misconduct with him. The final requirement is that the general purpose of the rule and the interests of justice will best be served by the admission of the statement into evidence. The so called "catch-all" exceptions to the hearsay doctrine as expressed in Mil.R.Evid. 804(b)(5) and 803(24) were created to allow courts additional flexibility in meeting unusual evidentiary situations; *United States v. Ruffin, supra.* It follows that out-of-court statements admitted pursuant to these rules must possess the required "circumstantial guarantees of trustworthiness," and where such guarantees of trustworthiness are lacking the statement must be rejected. *See United States v. Crayton, supra* at 934.

The residual hearsay exception appears to find its greatest use in trials where children are the victims of alleged sexual abuse. It is axiomatic, of course, that society has a deep and compelling interest in protecting the welfare of its children. *Matter of GP,* 679 P.2d 976 (Wyo.1984). It appears to us that Rules 804(b)(5) and 803(24) were specifically designed to address the problems of family members who are witnesses to or victims of an intrafamily criminal offense. *United States v. Arnold,* 18 M.J. 559 (A.C.M.R.1984); *United States v. Hines, supra* at 744. Accordingly, where the statement of a family member possesses the required "circumstantial guarantees of trustworthiness" and otherwise meets the criteria of the Rule under which it is offered, it may be admitted in the discretion of the trial judge. *United States v. Crayton, supra.* The question before us then is whether the trial judge erred in denying the motion to suppress CD's out-of-court statement.

■ We find appropriate "circumstantial guarantees of trustworthiness" in this record to sustain the trial judge's ruling admitting the challenged statement of 22 December. CD's statement to law enforcement authorities was made within minutes after the incident took place and long before there was any action pending against his stepfather. Under these circumstances there was no apparent incentive to falsify or distort the occurence. *United States v. Henderson, supra.* The statement was under oath and described in detail the extent of the appellant's misconduct. Also, we find it telling that CD has never repudiated his statement, but instead stated his refusal to testify was based on a desire not "to aid in the prosecution of his stepfather." From this we can only conclude that the event described by him took place and his recitation of the facts was true. *Cf. United States v. Ruffin, supra; United States v. Crayton, supra* (witness recanted prior statement while testifying). Finally, the forensic analysis of the bed clothing CD was wearing corroborated his assertion that he was the victim of a sexual assault. *United States v. King,* 16 M.J. 990 (A.C.M. R.1983). All of the above factors are circumstances which serve to guarantee the trustworthiness of the statement and, in the interests of justice, support its admission. The trial judge did not abuse his discretion in admitting CD's out-of-court statement. *United States v. Crayton, supra.* The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.