## UNITED STATES

v.

## Technical Sergeant Bobby J. LOCKWOOD, FR 415–94–2501, United States Air Force.

## ACM 25373.

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 March 1986.

Decided 13 Jan. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Joe R. Lamport, Major David F. Barton, Major Joseph S. Kistler, Major Robert J. Webster, USAFR, and Captain Robert L. Marconi, USAFR.

Before HODGSON, FORAY and HOLTE Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the appellant was convicted of sexually abusing his 12 year old step-daughter over a two year period. These allegations came to light on 18 November 1985 when a concerned parent called the school counsellor with information suggesting that the appellant's step-daughter, TJL, was being sexually mistreated. When interviewed by the counsellor, TJL acknowledged that this was so and repeated what occurred between herself and her step-father to the school nurse and a social worker who contacted the Army Criminal Investigation Division (CID). CID agents interviewed TJL and took two sworn statements from her that day and a third sworn statement two days later. In these statements she related that her step-father had fondled her breasts and had inserted a finger in her anus.

At the pretrial investigation TJL recanted her earlier statements to the CID saying she had lied about her step-father touching her breasts and anus.

Early in the trial the appellant moved to suppress the out-of-court statements TJL had given the CID arguing they lack "the circumstantial guarantees of trustworthiness" needed to justify their admission. Mil.R.Evid. 803(24). During this evidentiary hearing, the appellant's wife testified that TJL told her, "Momma, I'm sorry. I just lied about this whole thing." She fur-

ther indicated that her daughter stated she was mad at the appellant because he was "very strict." Finally, Mrs. Lockwood indicated that TJL lies "all the time." Thereafter, with the evidence in this posture, the military judge concluded that the victim's out-of-court statements possessed the necessary "circumstantial guarantees of trustworthiness," and denied the motion to suppress.[1]

After TJL testified at trial that the appellant never did the things of which she accused him, and that she had lied in her earlier statements "to get back at [her step-father] for restricting me," the prosecution offered, over defense objection, the out-of-court statements of 18 and 20 November which the trial judge admitted pursuant to the residual hearsay exception of the Military Rules of Evidence.

We have earlier stated our belief that the residual hearsay exception is ideally suited for use in trials where children are sexually abused. *United States v. Barror,* 20 M.J. 501 (A.F.C.M.R.1985). The general admissibility of such statements where they meet the required standards of trustworthiness and necessity was affirmed by the Court of Military Appeals in *United States v. Hines,* 23 M.J. 125 (C.M.A.1986). It follows where such guarantees of trustworthiness are lacking the statement must be rejected.

■■■ The situation before us today is virtually on all fours with that set forth in *United States v. Crayton,* 17 M.J. 932 (A.F.C.M.R.1984). In *Crayton,* we held that a military judge abused his discretion by admitting an out-of-court statement of a witness who repudiated the statement and gave a plausible explanation in court why it was false. We found this extra-judicial statement to be lacking in "circumstantial guarantees of trustworthiness." While ac-

tual corroboration of a declarant's statement is not required, the surrounding circumstances must confirm the reliability of the statement. *United States v. Hines, supra; United States v. Crayton, supra; United States v. King,* 16 M.J. 990 (A.C.M.R.1983). Indeed, the keystone to a statement's admissibility is its indicia of reliability. Here there is precious little physical[2] or testimonial evidence establishing that the out-of-court statement of TJL represented the truth.

The victim's judicial denial that her father sexually abused her undermines whatever evidence was previously available to establish the required "circumstantial guarantees of trustworthiness." We are aware that TJL repeated her allegations of parental sexual abuse to a school counsellor, a school nurse and a social worker, in addition to sworn statements she gave to law enforcement investigators. But merely repeating a story a number of times does not add weight to it. *United States v. Browder,* 19 M.J. 988 (A.F.C.M.R.1985). TJL's testimony is, of course, crucial to the prosecution's case, but it is also manifestly true that she was either untruthful when she stated that her step-father molested her or when she denied, under oath, that he did not.

The admission of statements offered under the residual hearsay exception are tied to those facts which support a finding that "circumstantial guarantees of trustworthiness" exist. Our earlier decisions in this area[3] identified those circumstances establishing the required level of reliability, but they are not all-inclusive and may be supplemented by unusual factual situations. For obvious reasons we are aware that victims of parental sexual abuse may be subjected to intense *paterfamilias* pres-

---

**1.** In a situation where conflicting statements are made, the trial judge is faced with a difficult dilemma: Is the witness lying at trial or when she made the statements? See generally *United States v. King,* 16 M.J. 990 (A.C.M.R.1983).

**2.** In *United States v. Barror,* 20 M.J. 501 (A.F.C.M.R.1985), we held that semen stains on the victim's clothing that could have originated from the accused provided an "indicia of relia-

bility" that supported the admission of the victim's out-of-court statement.

**3.** *See United States v. Barror, supra; United States v. Henderson,* 18 M.J. 745 (A.F.C.M.R. 1984); *United States v. Hines,* 18 M.J. 729 (A.F. C.M.R.1984); *United States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.1982).

sure not to testify concerning what took place or to deny that it ever happened. *United States v. Hines,* 18 M.J. 729 (A.F.C. M.R.1984); *aff'd in part and rev'd in part,* 23 M.J. 125 (C.M.A.1986). Such a situation might well be used to establish the "indicia of reliability" of an out-of-court statement later recanted in court. Here, however, there is nothing to suggest that this occurred.

Since TJL's statements lack the necessary indicia of reliability, the trial judge erred in admitting them. *United States v. Crayton, supra; United States v. Thornton,* 16 M.J. 1011 (A.F.C.M.R.1983). As her inadmissible statements constitute the sole evidence against the appellant, a rehearing is not feasible. Accordingly, the findings of guilty and the sentence are set aside, and the charge is

DISMISSED.

Senior Judge FORAY and Judge HOLTE concur.