UNITED STATES, Appellee,

v.

Martin D. MARTINEZ, Airman First
Class, U.S. Air Force, Appellant.

No. 58,332.
ACM 25681.

U.S. Court of Military Appeals.

April 3, 1989.

For Appellant: *Major Mark R. Bell* (argued); *Colonel Leo L. Sergi* (on brief); *Colonel Richard F. O'Hair* and *Major Harry L. Heintzelman, IV.*

For Appellee: *Captain Jeffrey H. Curtis* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief).

## Opinion of the Court

COX, Judge:

Appellant was admittedly addicted to cocaine. In May 1986, he absented himself without authority. While absent on May 11, he called Senior Airman Foster, a friend and coworker, to get advice on how to turn himself in for drug rehabilitation treatment. Foster suggested he get advice from the area defense counsel. Martinez then called his NCOIC, Senior Master Sergeant Newberry, and sought his advice. Newberry advised him to go to the Social Actions Office instead. Newberry next reported this conversation to Senior Master Sergeant Brewer, appellant's first sergeant.

On Monday, May 12, appellant went to the Social Actions Office on the base to seek help for his addiction and to avail himself of the protection afforded "self-admitted" drug users. Air Force Regulation (AFR) 30-2, *Social Actions Program*, June 22, 1981, as amended by Interim Message Change 82-3, December 22, 1982, sets forth a drug rehabilitation program which encourages drug users to turn themselves in for help. In return, the regulation protects the user from self-incrimination.[1]

Appellant was met at the Social Actions Office by his first sergeant. He was taken to the base hospital for an examination. The examination included a consensual urinalysis. *See United States v. White*, 27 MJ 264 (CMA 1988). Appellant was not admitted to the hospital, but the squadron was instructed to return him to the emergency room if he craved cocaine. The doctor had prescribed substitute, nonaddictive drugs for appellant which would be kept on hand in the emergency room.

Notwithstanding this medical advice, appellant was sent home by his unit on the evening of May 12. There, he used a massive dose of cocaine with the avowed purpose of overdosing.

As a result, he was again absent on May 13, and a search for him commenced. He was found on May 14 and placed in pretrial confinement. Ultimately, he was tried by general court-martial, military judge alone, on two specifications of absence without leave and one of using cocaine on or about May 12, 1986, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively.

At trial, appellant moved to suppress all evidence regarding his cocaine use on the grounds that he had self-identified himself

---

1. The regulation provides at paragraph 4-3D:
   Self Identification. Personnel with drug or alcohol problems are encouraged to seek assistance. Air Force members concerned about a drug or alcohol problem may refer themselves for the evaluation process. Personnel in this status must complete the DAAEP [Drug and Alcohol Abuse Control Evaluation Process] to assess the scope of their problem. Following the DAAEP a rehabilitation committee will recommend an appropriate course of action to the commander.

   (1) Under the conditions specified below, an Air Force member's voluntary submission to an Air Force treatment and rehabilitation program, and self-disclosed evidence of prior personal drug use or prior possession of drugs for personal use voluntarily disclosed by the member as part of the first entry into such programs, may not be used against the member in disciplinary action under the UCMJ or to characterize an administrative discharge. . . .

"to the Social Actions drug program for rehabilitation" pursuant to AFR 30–2. To support the motion, appellant testified about his attempts to turn himself in to the Social Actions representatives.

Contesting the motion, the Government presented the testimony of several witnesses which depicted a different version of events. Although the record is not clear, defense counsel and trial counsel apparently agreed that evidence offered in the suppression hearing would be used on the merits. Except as otherwise noted in this opinion, defense counsel offered no objection to this assertion. The only information offered to support appellant's use of cocaine was presented during the suppression motion. Based on this evidence, the military judge found appellant guilty of this offense. Significantly, he found appellant guilty of use on or about May 12, 1986.

Before the Court of Military Review, appellant contested his conviction of cocaine use, arguing then, as he does before us, that the evidence of cocaine use was all provided by him incident to his efforts to seek help for his addiction and that AFR 30–2 offered him a safe haven whereby he could freely admit his use without fear of incrimination. Para. 4–3D, AFR 30–2.

Although the court below had the opportunity to interpret its own regulation and it has on other occasions shown its expertise in that regard, it declined to do so here. *See, e.g., United States v. Wakin,* 27 MJ 532 (AFCMR 1988). Instead, the court found:

Without addressing the potential harm to the drug rehabilitation program that apprehending individuals seeking help for drug abuse at the Social Actions office may have, and assuming, *arguendo*, that the trial judge erred in denying the Motion to Suppress, the appellant's conviction for drug abuse must still be upheld since he judicially confessed during direct and cross-examination that he used cocaine on 12 May 1986. Further, since the appellant judicially admitted his drug abuse, corroboration of his admission is not required. Mil.R.Evid. 304(g); *United States v. Crayton,* 17 M.J. 932 (A.F.C.M.R.1984).

Unpub. op. at 2–3.

■ When appellant's appeal reached us, we agreed, among other issues, to consider whether the testimony offered by him during the suppression hearing was a "judicial confession." [2] A judicial confession is the strongest form of incriminating evidence. *See United States v. Dusenberry,* 23 USCMA 287, 49 CMR 536 (1975). Indeed, it is the fundamental basis of a guilty plea and an accused may be convicted upon his judicial confession without any corroborating evidence. *See United States v. Davenport,* 9 MJ 364 (CMA 1980); RCM 910(c)(4) and Mil.R.Evid. 304(g), Manual for Courts–Martial, United States, 1984. If appellant did judicially confess, then the Court of Military Review was justified in declining to rule on the fundamental question regarding applicability of AFR 30–2 to the facts of this case.

**2.** This Court granted review of the following issues:

I

WHETHER APPELLANT'S JUDICIAL CONFESSION CONTAINED IN TESTIMONY FOR THE LIMITED PURPOSE OF A SUPPRESSION MOTION COULD PROPERLY BE USED BY THE COURT OF REVIEW TO ESTABLISH APPELLANT'S GUILT.

II

WHETHER THE MILITARY JUDGE ERRED IN NOT SUPPRESSING APPELLANT'S STATEMENTS CONCERNING HIS USE OF COCAINE.

III

WHETHER THE MILITARY JUDGE ERRED IN NOT SUPPRESSING THE RESULTS OF A URINALYSIS BECAUSE APPELLANT'S CONSENT TO A SEARCH OF HIS URINE ON 12 MAY 1986 WAS INVOLUNTARY.

IV

WHETHER THE MILITARY JUDGE ERRED IN ADMITTING EVIDENCE DERIVED FROM APPELLANT'S EFFORTS TO OBTAIN HELP IN OVERCOMING HIS COCAINE ADDICTION UNDER THE AFR 30–2 SELF–IDENTIFICATION PROGRAM.

V

WHETHER THE GOVERNMENT FAILED TO "FULLY EXPLAIN" THE PROVISIONS OF THE SELF–IDENTIFICATION PROGRAM AS REQUIRED BY AFR 30–2, PARAGRAPH 4–3D(5) AND ALL EVIDENCE DERIVED FROM APPELLANT'S SELF–IDENTIFICATION OF HIS COCAINE USE SHOULD BE SUPPRESSED.

■ Although the Government offers an attractive argument that appellant "judicially confessed," we decline to so hold.

■ First, it is clear that, at the time appellant took the witness stand, his testimony was offered for the limited purpose of litigating the suppression motion. Defense counsel specifically stated, "Your Honor, defense calls Airman Martinez for the limited purpose of testifying regarding the issues in the Motion." If that be the case, his testimony can only be used for that purpose. Mil.R.Evid. 105 and 304(f); *Simmons v. United States,* 390 U.S. 377, 389–94, 88 S.Ct. 967, 973–76, 19 L.Ed.2d 1247 (1968).

■ Second, although the Government points to trial counsel's unchallenged assertion that evidence on the motion would, "in accordance with the prior agreements ... be used for the merits of the case," there is no clear and unambiguous agreement by defense counsel that this assertion applied to appellant's testimony. We decline to infer from defense counsel's silence that this was his intent.

Third, it is unreasonable to believe that appellant would offer his confession on the merits as a defense to allegations of cocaine use in light of his plea of not guilty to the charge. It does not make sense to defend against a charge by admitting that you did it.

■ Absent a clear agreement by counsel *on the record* that self-incriminating testimony offered by an accused during a suppression hearing can be used against the accused on the merits, we decline to allow it. *See Simmons v. United States, supra.*

■ However, this holding does not lead us to conclude that appellant is entitled to a reversal of his conviction. It is significant to note that, although the evidence elicited

at trial proved cocaine use prior to and after the events of May 11 and 12, appellant was convicted only of use on or about May 12. This use occurred *after* the time appellant contends he was *de facto* in the rehabilitation program.[3]

■ Appellant urges us to place the blame for this subsequent drug use on the Air Force because he was not formally enrolled in the drug-abuse program despite his efforts, and, therefore, he was not advised that subsequent use would not be protected. This we decline to do. There is sufficient evidence of appellant's cocaine use other than that contained in his sworn testimony to sustain his conviction.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring):

I agree that Issues IV and V are without merit because this exclusionary-type rule does not extend to acts of drug use subsequent to entry in the program. Accordingly, I reject appellant's contention on Issue II that admission of evidence of appellant's statements after May 12, 1986, is barred by this regulation. Para. 4–3D(3), AFR 30–2, IMC 82–3 (Dec. 1982). Any other objection to admission of these statements was not properly made at trial. Mil.R.Evid. 103, Manual for Courts–Martial, United States, 1984.

As for Issue III, I find its resolution is irrelevant in view of the proper admission of evidence of a positive urinalysis dated May 14, 1986. Finally, I agree with Judge Cox with respect to Issue I and note that evidence of the May 14, 1986, positive urinalysis and testimony from other witnesses concerning appellant's statements after May 12, 1986, render this error harmless.

---

3. Because the military judge limited his findings of guilty to the subsequent cocaine use, we need not decide whether appellant was in the rehabilitation program and entitled to the sanctuary it provides. Even if he had been in the program,

his subsequent drug use would not have been protected.