**UNITED STATES**

v.

**Michael E. YEAUGER, 287 56 8113, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 84 2381.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Jan. 1984.

Decided 19 June 1985.

---

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

William J. Holmes, Civilian Defense Counsel.

LCDR Jeffrey S. Sawtelle, JAGC, USN, Appellate Government Counsel.

LT William C. Little, Jr., JAGC, USNR, Appellate Government Counsel.

Before GREGORY, MITCHELL and BARR, JJ.

BARR, Judge:

Tried by general court-martial composed of officer and enlisted members, appellant was convicted, contrary to his pleas, of unauthorized absence from 29 August to 1 September 1983, three (3) counts of conspiracy to commit larceny, three (3) counts of larceny (corresponding to the conspiracy allegations), and a single specification of unlawfully receiving and concealing stolen property, in violation of Articles 86, 80, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 880, 921, 934, respectively. The sentence adjudged, which extended to a dishonorable discharge, confinement for 20 years, total forfeiture of pay and allowances, and reduction to pay grade E–1, was approved on review below.

Seven assignments of error have been addressed by appellant to this Court for consideration. We decide Assignments III through VI adversely to appellant and reject them without comment. Disposition of Assignments II and VII depends, in part, on the merit and resolution of the first error assigned.

## I

THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY ADMITTING INTO EVIDENCE THE ORAL UNSWORN STATEMENT OF SERGEANT E.D. CALLAHAN, USMC, UNDER MIL.R.EVID. 803(24).

The facts essential to resolution of this issue can be briefly stated. Appellant and one Sergeant (SGT) Callahan were on the management staff of the 22 Area Enlisted Men's Club, Camp Pendleton, in September and October 1981, during which time two larcenies of that club occurred. Initial suspicion settled upon SGT Callahan, but no charges followed. Appellant and his wife, also a servicemember, were subsequently transferred to the Marine Corps Air Station, New River area for duty. In May and July 1982, larcenies from club facilities at New River occurred. As a result of statements given by appellant's wife to the Naval Investigative Service (NIS), appellant and SGT Callahan were implicated in the 22 Area Club thefts. SGT Callahan, upon interview by NIS, ultimately confessed to his part in the latter thefts and identified appellant as his co-actor. SGT Callahan refused to have his oral confession reduced to writing, and, thus, the confession was not made under oath. Prior to, and during, his court-martial for his part in these thefts, SGT Callahan recanted his confession and litigated its admissibility by way of a motion to suppress. The motion was denied, the confession was admitted, and SGT Callahan was convicted of the September and October thefts from the 22 Area Club.

At appellant's trial, the Government revealed that it would seek to have the NIS agents who took SGT Callahan's confession testify as to the substance of that confes-

sion and obtain admissibility of the agents' testimony as substantive evidence on the merits under Rule 803(24), Mil.R.Evid.—the residual rule. The trial court took testimonial evidence, which included that of the two NIS agents, appellant's wife, and SGT Callahan, who testified in accordance with his recantation, on the issue of whether to admit the testimony of the agents during trial on the merits. In essence, the military judge conducted a complete hearing on the voluntariness and admissibility of SGT Callahan's confession, wherein the Government was required to meet the burdens precedent to admissibility which obtain in military practice whenever a suppression motion relating to a confession is litigated. SGT Callahan's testimony on the motion is particularly significant. He stated that the testimony of the NIS agents, which recited what he purportedly admitted to them, accurately reflected the account of events and facts he had provided NIS during the confession interview. Other evidence offered on the motion, including the testimony of appellant's wife, essentially corroborated the facts admitted in SGT Callahan's confession. The military judge, subject to certain restrictions not now relevant, ruled that he would permit the NIS agents to testify as to the facts admitted in SGT Callahan's confession and, thus, the implication of appellant in the thefts of the 22 Area Club, and would authorize the use and consideration of such testimony as substantive evidence in appellant's trial. We conclude that the military judge was correct in his ruling and that the essential findings entered on the motion are supported by the evidence of record.

Rule 803(24), Mil.R.Evid., provides, in pertinent part, that the following type of evidence will not be excluded by the hearsay rule:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

■ Looking first to subdivisions (A), (B), and (C) of the Rule, we conclude that each criterion was met in this case. The confession of SGT Callahan to the NIS agents related the *modus operandi* of the offenses and the subsequent cover-ups, the identity of the *res* of the offenses, and the criminal actions of both appellant and the relator leading to the consummation of the offenses, all of which were material facts relating to the crimes alleged. The testimony of the agents was but the vehicle which presented this confession and the material facts recited therein to the triers of fact. Similarly, SGT Callahan's confession, as related by the testimony of the NIS agents, was indeed the most probative evidence available on these material facts. The corroborative evidence offered via the testimony of appellant's wife was, if believed, certainly material to the issues of fact being litigated. Her credibility as a witness, however, was known to be subject to severe impeachment on the grounds of bias and malice against her husband and prior inconsistency. Thus, the statement of SGT Callahan was not only the most probative evidence available as to the material facts admitted by him, but also necessary corroboration to the testimony of appellant's wife. Finally, admitting the statement of SGT Callahan, if it be found sufficiently trustworthy, would, under the facts of this case, further the purposes of the rules as set forth in Rule 102, Mil.R.Evid.—particularly, the truth-finding process. We thus concur with the determination of the military judge that each of the conditions set forth in (A), (B), and (C) of the Rule 803(24), Mil.R.Evid., was met.

It is, of course, the "trustworthiness" requirement of Rule 803(24) which is central to the issue addressed. We thus set forth, initially, the parameters which guide,

and upon which is focused, our consideration of this threshold requirement.

■ We state at the outset that we read the quoted rule as requiring that the proponent demonstrate that the evidence to be offered for admission possesses *only* "equivalent", not "exceptional", circumstantial guarantees of trustworthiness. Thus, if the standards governing trustworthiness that are embraced within the specific hearsay exceptions are likewise present in the evidence offered under the residual rule, such evidence should be deemed to meet the threshold requirement of "equivalent circumstantial guarantees of trustworthiness" of the rule.

It is commonly held that hearsay evidence is not admissible because one or more of the important testimonial requisites incident to trial, and, thus, trustworthiness of the hearsay evidence, are lacking. Those requisites are that the witness testify under oath, in the presence of the trier of fact, and be subject to contemporaneous cross-examination. *See Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In addition, in a criminal case, violation of the Sixth Amendment right of an accused to confront the witnesses against him stands as a separate—though ofttimes interrelated—ground for exclusion of hearsay evidence.

■ Another consideration presented by this case on the trustworthiness requirement of Rule 803(24) is the propriety—or lack thereof—of the judging of the credibility of SGT Callahan and the NIS agents, by the military judge, in determining whether this requirement was met. A judgment on the credibility of witnesses is normally viewed to be the province of the triers of fact. This judgment, however, is one related only to balancing the weight to be given to certain evidence. Before evidence can be weighed, it must be admitted. The military judge, who must ultimately rule on the admissibility of evidence, must, of necessity, weigh the credibility of witnesses in reaching this ruling. His determination is binding on the triers of fact only to the extent that they must consider the admitted evidence on the issue for which it is presented. It is certainly not binding on, nor does it influence, the triers of fact in resolving what weight, if any, is to be given to such evidence. We conclude it to be not only appropriate, but also essential, that the military judge consider, in determining the trustworthiness requirement, those factors bearing on the reliability and credibility of the declarant of a hearsay statement as well as the relator of that statement.

■ We finally refer to the decision in *United States v. Whalen,* 15 M.J. 872 (AC-MR1983), in which Judge Foreman, speaking for the Court, identified four (4) criteria for examination on the issue of trustworthiness of a proffered statement. We herein adopt, and apply, these incidents of trustworthiness: (1) presence of the hearsay declarant at trial and subject to cross-examination; (2) similarity of the hearsay declaration to specifically defined hearsay exceptions; (3) the circumstances surrounding the making of the hearsay declaration support a finding of trustworthiness; and, (4) other evidence, independent of the hearsay declaration, corroborates the truth of the facts admitted within the declaration.

■ We now apply the various standards and criteria formulated above to the specific facts of this case. Turning first to the examination suggested by *Whalen,* we find all four criteria present. SGT Callahan, the hearsay declarant, was present at appellant's trial and subject to examination by the defense. Furthermore, the NIS agents, whose credibility was crucial to the issues of both admissibility and weight, were also subject to cross-examination. SGT Callahan's admission was similar to a recognized exception to the hearsay rule, Rule 804(b)(3), governing declarations against penal interest, and to a statement which is treated as non-hearsay under Rule 801(d)(1)(A), inconsistent prior statements. The circumstances attending the giving of the statement by SGT Callahan suggest its trustworthiness. The evidence on this aspect of the trustworthiness requirement

was fully litigated by a suppression motion at appellant's trial in which the military judge judged the admissibility of SGT Callahan's confession by the same standards that he would have applied had the testimony of the NIS agents been offered against SGT Callahan at his trial. If the declaration of SGT Callahan and the testimony of the NIS agents were sufficiently trustworthy to meet the requirements of Rules 304 and 305, Mil.R.Evid., if litigated in a trial of the declarant, the same finding of trustworthiness arguably pertains where the declaration is offered in a different proceeding against a co-actor. As to the last criterion, we find sufficient corroborating facts in the evidence admitted, without consideration of SGT Callahan's confession, to support the truth of the matters admitted in that hearsay declaration. It further makes sense that if the evidence is sufficient to meet the corroboration requirement of Rule 304(g), Mil.R.Evid., were SGT Callahan the accused, that same evidence would satisfy the factual corroboration ingredient as applied to trustworthiness.

We concur completely with the military judge's estimate of SGT Callahan's credibility as it relates to the recantation of his confession. The "cloak-and-dagger" web of intrigue spun by SGT Callahan is patently incredible and unworthy of belief. The "tale" of mystery, in fact, defies belief. We consider the recantation, as well as the testimony of SGT Callahan on the motion, to be the epitomic lie. His recantation testimony was such a farcical assault on basic ideas of veracity that it, though offered to explain away his confession, served instead to support its truth. The credibility of the NIS agents was, as previously noted, supported by SGT Callahan, for he admitted that he indeed related to the agents those facts to which they testified. Thus, the military judge properly considered the credibility of the witnesses and their declarations—both at the time of their making and at the time of trial—as factors in determining the trustworthiness of the hearsay declaration. Our judgment of the credibility of the NIS agents against that of SGT Callahan is in consonance with that of the military judge.

■ There is no confrontation clause violation. SGT Callahan, the hearsay declarant, appeared at appellant's trial as a witness, and unlimited opportunity was afforded appellant and his counsel to attack the declaration and support Callahan's in-court testimony. This is sufficient to pass constitutional muster. *See California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

■ Finally, the testimonial requirements, which, when absent, call for exclusion of evidence on hearsay grounds, are abundantly present in this case. The critical witnesses on the issue—both the declarant of the statement and the relators of same—were present at trial, testified under oath and in the presence of the fact-finders, and were subject to examination by both parties to the trial. That these requirements took place at trial, and not at the time of the making of the declaration, is of no moment because the purpose for which they exist as indicia of trustworthiness was fully met.

We, therefore, reject the first error assigned and hold that, under the specific circumstances of this case, the oral unsworn and hearsay declaration of SGT Callahan was properly admitted under Rule 803(24), Mil.R.Evid.

## II

APPELLANT'S GUILT OF CHARGES II, III AND IV AND THE SPECIFICATIONS THEREUNDER WAS NOT PROVED BEYOND A REASONABLE DOUBT.

■ Having determined the out-of-court statement of SGT Callahan, as related through the testimony of the NIS agents, to be admissible as substantive evidence, we find the evidence of record taken as a whole proves appellant's guilt beyond reasonable doubt of each offense of which he stands convicted.

III

APPELLANT'S SENTENCE TO 20 YEARS CONFINEMENT IS UNDULY SEVERE AND DISPROPORTIONATE TO THE OFFENSES CONSIDERING: (1) THE ABSENCE OF A PRIOR DISCIPLINARY RECORD; (2) THE AMOUNT OF MONEY INVOLVED; (3) THE FACT THAT NO VIOLENCE WAS INVOLVED; AND, (4) THE FACT THAT THE ACCOMPLICE (AND PRINCIPLE ACTOR) FOR TWO OF THE OFFENSES RECEIVED A SENTENCE TO CONFINEMENT OF ONLY 5 YEARS (*UNITED STATES V. YEAUGER*, No. 83 3901 (NMCMR 19 OCTOBER 1983)) AND THE ACCOMPLICE FOR THE OTHER TWO OFFENSES RECEIVED A SENTENCE TO CONFINEMENT OF ONLY THREE MONTHS (*UNITED STATES V. CALLAHAN*, NO. 84 1053 (NMCMR 19 JULY 1984)).

█ We could not disagree more. While we make no comment on the sentence awarded SGT Callahan, we have no hesitation in concluding that a sentence to 20 years confinement is appropriate for the master-mind of two larcenies from the Government totalling $11,410.55, the co-actor in another larceny from the Government of $4628.74, and the receiver and concealer of $7120.95 stolen from the Government. We have been provided with a decision of the Secretary of the Navy, acting pursuant to Article 74(a), UCMJ, 10 U.S.C. § 874(a), which, in consonance with a recommendation of the Naval Clemency and Parole Board, reduced the period of appellant's confinement to 10 years. As we find the sentence adjudged appropriate, we see no reason why this Court should now add to the clemency already granted this proven thief.

Accordingly, the findings and sentence as adjudged on review below are affirmed. The court-martial order, in the summarization of offenses, erroneously states the amount alleged in specification 1 of Charge II. A corrected order should be issued.

Senior Judge GREGORY and Judge MITCHELL concur.