**UNITED STATES, Appellee,**

v.

**Private E–2 Charles E. ROUSSEAU, 266–83–1928, United States Army, Appellant.**

**CM 446031.**

U.S. Army Court of Military Review.

28 Feb. 1986.

---

For Appellant: Terence A. Lober, Esquire (argued). Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, Captain Alan D. Groesbeck, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellee: Captain Patrick J. Cunningham, JAGC (argued). Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before O'ROARK, YAWN and KENNETT Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Senior Judge:

Contrary to his pleas, appellant was convicted of communication of a threat and various assaults against his wife and stepson, a child under the age of 16, in violation of Articles 134 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 928 (1982). He was sentenced to a dishonorable discharge, confinement at hard labor for two years, eight months, forfeiture of $400.00 pay per month for two years, and reduction to the grade of Private E–1.

## I

### Facts

On 17 January 1984, appellant's wife took her son to the Patch Barracks Dispensary (Stuttgart), Federal Republic of Germany, for medical treatment. When the medical examination revealed the possibility of child abuse, hospital personnel informed the Army Criminal Investigation Command (CID). Subsequently, Mrs. Rousseau executed a sworn statement to a CID investigator naming appellant as the perpetrator in the offenses for which he was tried. At issue here is whether the military judge committed error in allowing the government to introduce the statement into evidence.

The first session of appellant's trial occurred on 27 April 1984, where several defense motions were litigated. Mrs. Rousseau testified on appellant's behalf

during this session and clearly expressed her intention not to testify on the merits. When trial resumed nearly three weeks later, defense counsel moved to suppress Mrs. Rousseau's out-of-court statement, claiming it was inadmissible hearsay lacking the circumstantial guarantees of trustworthiness necessary for admissibility under Mil.R.Evid. 803(24).[1] In response, trial counsel asserted that the statement was admissible under Mil.R.Evid. 803(24). In support of this argument, he presented evidence describing the efforts made to secure Mrs. Rousseau's presence at trial. Those efforts included formal requests to appear, issuance of a German subpoena,[2] and repeated personal visits by representatives of trial counsel's office who requested her presence at trial. The trial counsel informed the court that Mrs. Rousseau had refused to appear; she was not present; and he did not know her whereabouts. Defense counsel responded that appellant indicated his wife did intend to testify and that she, the defense counsel, intended to call her as a defense witness on the issue of the admissibility of her statement.

After a short recess, defense counsel announced that she had seen Mrs. Rousseau in the hallway during the break, and "[s]he informed me she told Captain G [trial counsel] she didn't wish to testify. I don't know where that leaves me, Your Honor, other than to argue on the motion itself." Defense counsel's argument then focused on the claimed denial of appellant's right of confrontation under the sixth amendment, United States Constitution, and assertions that Mrs. Rousseau's statement lacked the appropriate indicia of reliability necessary for admissibility. The record indicates defense counsel conceded that Mrs. Rousseau was unavailable.

The military judge admitted the statement into evidence under Mil.R.Evid. 803(24). He held the evidence was material, was more probative than any other evidence on the point which reasonably could be obtained, and that the interests of justice would be served by admitting the evidence. The judge also stated that Mrs. Rousseau was truthful when she gave the statement. Finally, the judge stated that, under the facts of the case, there was at least the potential Mrs. Rousseau's refusal to appear was within the control of the defense, and that her relationship with the appellant was also likely a factor in her decision.[3]

The issue presented in this case requires us to consider the applicability of Military Rule of Evidence 803(24), one of the so-called residual exceptions to the hearsay rule, and the relationship between this rule and the confrontation clause of the sixth amendment. Appellant argues that Mrs. Rousseau was available to testify,[4] and that her statement bore insufficient guarantees of trustworthiness. He asserts,

1. Rule 803. Hearsay exceptions; availability of declarant immaterial

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

(24) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the pro-

ponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

2. Mrs. Rousseau refused to accept the subpoena.

3. *See e.g. United States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.) (stepdaughter's refusal to testify motivated by desire to help stepfather), *pet. denied,* 13 M.J. 494 (C.M.A.1982).

4. In an affidavit executed some nine months after trial, and admitted as an appellate exhibit, Mrs. Rousseau asserts, if called, she would have testified at trial. We give no credence to this assertion.

therefore, the statement was inadmissible under the hearsay exceptions and violated the confrontation clause. We disagree and affirm.

## II

### Rule 803(24)

Rule 803(24) requires the proponent of hearsay evidence to satisfy five substantive requirements: trustworthiness equal to other recognized exceptions to the hearsay rule; materiality; probative value greater than that of other evidence; that the interests of justice are served; and, notice.[5] The trial judge found the evidence was material and that the interests of justice would be served by its admission. These findings are clearly within the trial judge's discretion. Finding no abuse of discretion, we shall not disturb his findings. *United States v. Whalen,* 15 M.J. 872 (A.C.M.R. 1983); *United States v. Loalza-Vasquez,* 735 F.2d 153 (5th Cir.1984). Whether the two remaining requirements, probative value and equivalent guarantees of trustworthiness, were satisfied demands a more detailed analysis.

### A.

■ First, Mil.R.Evid. 803(24)(B) sets out that, to be admissible, the statement must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts...." Appellant seizes this requirement and argues Mrs. Rousseau's statement does not satisfy this prerequisite inasmuch as her live testimony, subject to both cross-examination and the panel's evaluation of her demeanor, would have been more probative evidence of how the injuries occurred. In effect, appellant argues that Mrs. Rousseau's unavailability must be established before Rule 803(24) may be utilized. Although this position has been adopted by some, *see United*

States v. Mathis, 559 F.2d 294, 298–99 (5th Cir.1977); *cf. United States v. Arnold,* 18 M.J. 559 (A.C.M.R.1984), *pet. granted,* 20 M.J. 129 (C.M.A.1985), it appears to run afoul of the clear language of the rule that availability is immaterial and, in fact, makes Rules 803 and 804 redundant.[6] Under the facts of the case, however, we need not decide how strictly Rule 803(24)(B) should be interpreted, for we conclude the government's efforts to produce Mrs. Rousseau were reasonable and that Mrs. Rousseau was unavailable. See Part II, *infra.* Mrs. Rousseau's statement, therefore, was more probative than any other evidence available concerning the appellant's actions.

### B.

■ The remaining requirement of the rule specifies that the proponent demonstrate that the proffered evidence has circumstantial guarantees of trustworthiness equivalent to any of the enumerated hearsay exceptions. Here, the trial judge did not specifically enumerate the facts which, in his judgment, indicated trustworthiness. Thus, as did the courts in *United States v. Hines,* 18 M.J. 729 (A.F.C.M.R.), *pet. granted,* 19 M.J. 246 (C.M.A.1984); and *Huff v. White Motor Corp.,* 609 F.2d 286, 291 (7th Cir.1979), we will review the facts and circumstances of record to determine if sufficient guarantees of trustworthiness are present to demonstrate that the trial judge did not abuse his discretion in admitting the statement. Notably, guarantees of trustworthiness need only be equivalent, not identical. *United States v. Yeauger,* 20 M.J. 797, 801 (N.M.C.M.R.1985). In *United States v. Whalen,* this court identified four criteria for examination on the issue of equivalent guarantees of trustworthiness: similarity of the declaration to a defined hearsay exception; circumstances surrounding the making of the declaration

---

**5.** Notice is not an issue here.

**6.** Rule 804 contains exceptions to the general exclusion of hearsay evidence. The rule specifically requires that the declarant must be unavailable, as defined within the rule, before the

rule may be used. Had the drafters intended that unavailability always be demonstrated, all hearsay exceptions could be lumped under a single rule.

which supports trustworthiness; independent evidence which corroborates facts within the statement; and, presence of declarant at trial and subject to cross-examination. *United States v. Whalen,* 15 M.J. at 878; *see also United States v. Yeauger,* 20 M.J. at 801. That list, however, is not exclusive. Nor must all criteria or factors be satisfied. Other courts have considered whether additional factors were present: was the statement made under oath; did the declarant harbor tainted motivation to make a statement; was the statement factual versus conjectural; was the declarant's source of knowledge firsthand; was the statement made close in time to the events in question; and, what was the declarant's particular reputation for trustfulness.[7] Sufficient indicia of trustworthiness are present here to permit admission of the statement under Rule 803(24).

First, the statement was made under oath. *See United States v. Barror,* 20 M.J. 501 (A.F.C.M.R.1985); *United States v. White,* 611 F.2d 531, 538 (5th Cir.), *cert. denied,* 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980). Second, the statement was executed close in time to the event which was the subject of the statement, that is, the physical abuse of both Mrs. Rousseau and her son. *United States v. Barror,* 20 M.J. at 503; *United States v. White,* 611 F.2d at 539. There was, therefore, little chance of lost recollection. *See United States v. Barror,* 20 M.J. at 503; *United States v. White,* 611 F.2d at 538, *citing, United States v. Williams,* 573 F.2d 284, 288 (5th Cir.1978). Third, no cogent reason has been suggested that Mrs. Rousseau would lie. *See e.g. United States v. Barror,* 20 M.J. at 503; *United States v. White,* 611 F.2d at 538. Appellant has not asserted that Mrs. Rousseau's statement was made in order to shift the blame for the injuries and absolve herself from suspicion. Indeed, such an assertion would be inconsistent with the fact that Mrs. Rousseau had also been injured. Instead, appellant asserts Mrs. Rousseau may have "exaggerated" the facts in order to get help for her family. The fact that Mrs. Rousseau was seeking help for her husband and son, however, evidences her concern for the family as a unit. In fact, she specifically stated she did not want the appellant charged. There is absolutely no indication that her actions were vindictive. We agree, therefore, with the trial judge's determination that Mrs. Rousseau was truthful when she executed the sworn statement. These circumstances surrounding the making of the statement support a finding of trustworthiness. *United States v. Yeauger,* 20 M.J. at 801.

Whether the proffered statement approximates a recognized exception is additional indication of trustworthiness. Some courts have interpreted this factor strictly and require approximation only to a Rule 803 exception when evidence is introduced under Rule 803(24). *See United States v. Harris,* 18 M.J. 809, 813–14 (A.F.C.M.R. 1984). Our concern, however, is in trustworthiness. Thus, we do not take such a narrow view of this issue and believe that approximation to *any* recognized exception is some indication of trustworthiness. *See United States v. Yeauger,* 20 M.J. at 801 (statement was admitted under Rule 803(24), court equated to Rule 804(b)(3) exception). In this regard, the government argues Mrs. Rousseau's statement approximated a statement against interest. Mil.R. Evid. 804(b)(3). In her statement, Mrs. Rousseau describes that although appellant had abused her and her son over a long period of time, she did not report the acts. This silence was very likely based not only on fear, but also the social stigma which would attach to her husband and possibly herself for not reporting the abuse earlier. *See* Cleary, *McCormick's Handbook on the Law of Evidence* § 278 (2d ed. 1972) (facts subjecting declarant to ridicule adequately buttressed in trustworthiness to permit introduction into evidence under principle of declaration against interest). Additionally,

---

**7.** See cases cited in Holmes, *The Residual Hearsay Exceptions: A Primer for Military Use,* 94 Mil.L.Rev. 15, 48–63 (1981).

by implicating her husband, the statement was made contrary to her pecuniary interests, that is, her husband's ability to financially support the family. We agree with the government's position. Also, the declarant's initial impetus to make the statement was to secure medical treatment for herself and her son. The statement, thus, can likewise be said to approximate evidence admissible under Mil.R.Evid. 803(4), the medical treatment exception. *See United States v. Nick,* 604 F.2d 1199 (9th Cir.1979). We, of course, recognize the statement in question does not fit in a technical sense into any hearsay exception. If it did, the statement would then be admissible under that particular exception and resort to the residual exception would be unnecessary. In ruling on proffers made pursuant to Rule 803(24), therefore, admissibility should be resolved by "assessing relevancy, need and reliability instead of insisting on compliance with a particular class exception." *See* 4 Weinstein's Evidence § 803(24)[01] at 803–373 [hereinafter cited as Weinstein]; *see also Dallas County v. Commercial Union Assurance Co.,* 286 F.2d 388 (5th Cir.1961).[8] *But see Zenith Radio Corp. v. Matsushita Elec. Ind. Co.,* 505 F.Supp. 1190, 1262–1262 (E.D.Pa. 1980) ("near miss" does not satisfy requirements of the rule). Furthermore, we believe this analysis comports with the proposition that the residual exceptions were specifically included in the rules of evidence to provide for growth in evidentiary law. Weinstein, *supra,* at 803–381.

An additional test of trustworthiness is whether facts asserted within the statement are corroborated by other evidence. *See United States v. Whalen,* 15 M.J. at 878; *United States v. Henderson,* 18 M.J. 745, 748 (A.F.C.M.R.1984) (out-of-court statement of accused's step-daughter concerning sexual mistreatment admitted under Mil.R.Evid. 804(b)(5)); *United States v. Crayton,* 17 M.J. 932, 934 (A.F.C.M.R.) (corroborating evidence is a circumstance to be recognized when determining trustworthiness), *pet. denied,* 19 M.J. 57 (C.M.A.

1984); *United States v. King,* 16 M.J. 990 (A.C.M.R.1983). Federal courts have likewise recognized that presence or absence of corroborating evidence may be a critical factor. *United States v. Hinkson,* 632 F.2d 382 (4th Cir.1980); *United States v. Bailey,* 581 F.2d 341 (3d Cir.1978). Abundant corroborating evidence is present here. Most importantly, the record shows appellant, in a mid-March conversation with Lieutenant Colonel Nix, admitted abusing the child. Also, expert medical testimony established that the son had various bruises, soft tissue injuries and burn injuries, some caused by keeping the son's hand under hot water for long periods of time. Additionally, photographs depicting injuries to the son were admitted into evidence.

In sum, military society has a compelling interest in protecting the welfare of a soldier's family. For that reason, the residual exceptions are particularly well-suited to the type of hearsay problems which arise when one family member falls victim to the aggressions of another family member. We therefore hold the trial judge's ruling to admit the statement under Rule 803(24) was not error.

### III

### *Confrontation Clause*

Our consideration of the admissibility of Mrs. Rousseau's statement does not end with the above analysis, however. We must also determine whether admission of the statement is contrary to the protections of the sixth amendment right to confrontation. The sixth amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." In *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), a two-pronged test was set out for determining whether admission of an out-of-court statement of a witness who does not testify at trial satisfies a defendant's right to confrontation.

---

**8.** Although a pre-rule case, the court's logic is equally applicable.

First, the declarant must be unavailable.[9] Second, the statement must have adequate indicia of reliability. With regard to this second requirement, Justice Blackman stated, "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Ohio v. Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539. Where the evidence does not fall within such an exception, the evidence "must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Id.* For the same reason we find the statement to have equivalent guarantees of trustworthiness under the residual hearsay exception, we likewise find the statement contained particularized guarantees of reliability sufficient to satisfy sixth amendment concerns. *See United States v. Murphy,* 696 F.2d 282, 286 (4th Cir.1982) (trustworthiness requirement of rules of evidence not coexistent with sixth amendment reliability requirement, but court was satisfied that both were met); *cert. denied sub. nom., Waddell v. United States,* 461 U.S. 945, 103 S.Ct. 2123, 77 L.Ed.2d 1303 (1983).

Left for our determination is whether, under the first prong of *Ohio v. Roberts* analysis, Mrs. Rousseau was "unavailable." We hold: (1) the government's efforts to procure Mrs. Rousseau's presence at trial were reasonable, and Mrs. Rousseau was "unavailable"; and, in any event, (2) by failing to contest the issue at trial, appellant waived any issue as to unavailability.

■ Appellant urges that Mrs. Rousseau could not be considered unavailable unless the prosecutor or military judge, after learning that defense counsel had spoken with Mrs. Rousseau during a court recess, called her to the stand.[10] He asserts that only then, after Mrs. Rousseau refused to testify in open court, could she be con-

sidered unavailable.[11] This procedure is required for admissibility under Mil.R.Evid. 804(a)(2). Similarly, other courts have required the trial judge to take an active role in ensuring unavailability. *See Oregon v. Campbell,* 299 Or. 633, 705 P.2d 694, 706 (1985) (prosecution and defense stipulated three-year old girl was incompetent to testify, and thereby unavailable; court held, under both the Oregon Constitution and United States Constitution, the judge must question declarant in court and then determine unavailability). Although it became known during the trial that Mrs. Rousseau was present in the building, she had previously testified at an Article 39(a), UCMJ, 10 U.S.C. § 839(a) session that she did not wish to testify on the merits. She had refused to respond to written and oral requests to testify. Likewise, she ignored a German subpoena. Moreover, she informed not only the trial counsel that she did not intend to testify, but also intimated the same intention to her husband's defense counsel. Based on her past record, requiring her presence on the witness stand would be fruitless. In determining unavailability, "[t]he law does not require the doing of a futile act." *Ohio v. Roberts,* 448 U.S. at 74, 100 S.Ct. at 2543.

■ The "litmus" of sixth amendment unavailability was delineated by the Court in *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). The Court held "a witness is not unavailable for purposes of ... [an] exception to the confrontation requirement unless prosecutorial authorities have made a good faith effort to obtain his presence at trial." *Barber v. Page,* 390 U.S. at 724–25, 88 S.Ct. at 1322. The *Ohio v. Roberts* court reiterated this requirement. *Ohio v. Roberts,* 448 U.S. at 74, 100 S.Ct. 2543. The test, then, is one of reasonableness. *Ohio v. Roberts,* 448 U.S.

---

9. Although unavailability was mentioned as a requirement, the Court stated that unavailability may not always be required. *Ohio v. Roberts,* 448 U.S. at 65 n. 7, 100 S.Ct. at 2538 n. 7.

10. In *United States v. Cree,* 778 F.2d 474 (8th Cir.1985), the court held that a defendant could not raise on appeal a confrontation objection as

to unavailability of a declarant when the declarant, who was present at trial, could have been called by the defense to testify.

11. In the case at hand, appellant did, in fact, call his wife to testify on his behalf during the sentencing portion of the trial. She did testify.

at 74, 100 S.Ct. at 2543. *California v. Green*, 399 U.S. 149, 189 n. 22, 90 S.Ct. 1930, 1951 n. 22, 26 L.Ed.2d 489 (1970); *Barber v. Page*, 390 U.S. at 725, 88 S.Ct. at 1322. Here, trial counsel demonstrated the good faith efforts taken to secure Mrs. Rousseau's presence at trial. On the facts presented, we hold that Mrs. Rousseau's unavailability, in the constitutional sense, was established.

■ If the military judge did err by failing to "call" Mrs. Rousseau to the stand, however, we find the error was waived. A criminal defendant can waive certain aspects of his confrontation rights. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (waived by pleading guilty); *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (defendant may agree not to cross-examine witnesses at trial); *Diaz v. United States*, 223 U.S. 442, 451, 32 S.Ct. 250, 252, 56 L.Ed. 500 (1912). In *United States v. Gibbs*, 739 F.2d 838 (3d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985), Gibbs raised the confrontation clause issue that the government had failed to carry its burden as to unavailability and reliability of statements of a coconspirator which were introduced into evidence. The court held that, because an availability objection had not been made at trial, the issue was *not* preserved for appeal. *United States v. Gibbs*, 739 F.2d at 847; *see also United States v. Inadi*, 748 F.2d 812, 819 (3d Cir.1984) (a defendant must make a specific and timely objection to preserve the unavailability issue for appeal), *cert. granted*, —— U.S. ——, 105 S.Ct. 2653, 86 L.Ed.2d 271 (1985). Here, defense counsel did not contest the unavailability of the hearsay declarant. Thus, without specific objection, the issue is not preserved for appeal.

There is additional rationale why appellant is now precluded from raising the unavailability issue. In *Lyon v. United States*, 413 F.2d 186 (5th Cir.1969), the government, over defense objection, was permitted to introduce trial testimony from a witness in Lyon's first trial against him in a second trial.[12] The prosecutor, in offering the evidence, expressed a desire to also introduce evidence concerning the efforts he had taken to have the witness appear. Defense counsel was questioned by the court concerning his position on admissibility:

> Court: You do not challenge the authenticity of the testimony as was prepared by the reporter, *nor the availability of the witness.*
>
> Defense Counsel: I do not, Your Honor.

*Lyon v. United States*, 413 F.2d at 188–189 (emphasis supplied). Based on this assertion, the court held that Lyon was precluded from complaining on appeal that the government had not demonstrated unavailability. *Lyon v. United States*, 413 F.2d at 189.

The *Lyon* court then indicated defense counsel's actions were understandable. The court pointed out that "defense counsel apparently made a tactical and procedural determination that a showing of unavailability was inevitable, if not already made, and that rather than pursue a lost cause he should press what he considered to be his stronger argument ... *see Henry v. Mississippi*, 379 U.S. 443, 451 [85 S.Ct. 564, 569, 13 L.Ed.2d 408] (1965)." *Lyon v. United States*, 413 F.2d at 189 n. 6. The same rationale is applicable here. Appellant's confrontation rights were argued by trial defense counsel. Instead of arguing both of *Roberts'* requirements, however, defense counsel chose to focus her argument on reliability. Appellant may not argue now what was consciously not argued at trial.

We have considered the errors personally specified by appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge O'ROARK and Judge KENNETT concur.

---

12. The first trial ended in mistrial.