Granville Madison McCARROLL,
Petitioner,

v.

STATE OF ALABAMA et al.,
Defendants.

Civ. A. No. 75–634–P.

United States District Court,
S. D. Alabama, S. D.

Sept. 16, 1976.

**138**

Granville Madison McCarroll, pro se.

J. Brent Thornley, Asst. Atty. Gen. of Ala., Montgomery, Ala., for defendants.

### ORDER

PITTMAN, Chief Judge.

Granville Madison McCarroll, the petitioner, has filed a petition seeking a writ of habeas corpus under authority of Title 28 U.S.C. § 2254. He is presently incarcerated in the G. K. Fountain Correctional Center, Holman Station, Alabama, under a sentence of twenty years imposed upon him by the Circuit Court of Mobile County, Alabama, on a jury verdict of guilty of selling heroin. He filed an appeal in the Court of Criminal Appeals of Alabama. The case was transferred to the Supreme Court of Alabama which affirmed the conviction in the lower court. *McCarroll v. State,* 312 So.2d 382.

McCarroll now attacks his state court conviction alleging that his constitutional rights were violated when he was not allowed to use the defense of entrapment, was not permitted to introduce evidence of entrapment and that the trial judge refused to charge the jury on the law of entrapment.

■ The United States Supreme Court reviewed the limits of the entrapment defense in *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). Sustaining its previous position,[1] the Court refused to elevate entrapment to a constitu-

tional level, basing it instead on public policy consideration.

■ Since no constitutional question is involved, this court is without jurisdiction to review the petitioner's claims.

In *Russell, supra,* the defendant rested his petition for reversal of a drug conviction on two grounds: first, on the basis of entrapment by a government narcotics agent, and second, that government conduct and participation in the manufacturing and selling of "speed" was "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction . . . .." 411 U.S. at 431–32, 93 S.Ct. at 1643.

The Court, in answer to the entrapment defense, found insufficient evidence to justify entrapment, holding the defense "not [to be] of a constitutional dimension . . . .." 411 U.S. at 433, 93 S.Ct. at 1643. The Court recognized that "outrageous" police conduct in instigating a crime or obtaining evidence can violate a defendant's due process rights. 411 U.S. at 431–32, 93 S.Ct. 1637. [Citing *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952)].

■ This court has reviewed the trial transcript. The conduct of the state agents in the case *sub judice* "stops far short of violating that 'fundamental fairness, shocking to the universal sense of justice,' mandated by the Due Process Clause of the (Fourteenth) Amendment." 411 U.S. at 432, 93 S.Ct. at 1643.

The Fifth Circuit recognizes the above stated doctrines in *U. S. v. Register,* 496 F.2d 1072 (5th Cir. 1974).

■ It is further noted the petitioner contends he should be allowed to deny selling heroin and also be entitled to a charge on entrapment because he was not selling heroin but two capsules containing whole wheat four. The sale was to a state agent. The toxicologist testified the analysis of the capsules showed they contained heroin and there was no evidence of whole wheat flour.

---

1. *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *Sherman v.* *United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

The Supreme Court of Alabama succinctly and fairly analyzed the facts in its opinion, *McCarroll v. State, supra.* The opinion did not address itself to the constitutional issue but to the defense of entrapment. That court noted one of the elements of entrapment "assumes that the act charged was committed" and cited *Rodriquez v. United States,* 227 F.2d 912 (5th Cir. 1955). The petitioner denied he sold the agent heroin as charged. The court held one of the necessary elements of entrapment to be lacking and the plea of entrapment is not available to the petitioner. *Rodriquez v. United States, supra.* There was a good discussion on the application of this rule where the defendant admits making a sale but claims it was not the prohibited substance. It followed the Supreme Court of Missouri on this point.

Petitioner's writ of habeas corpus action under 28 U.S.C. § 2254 is DISMISSED for want of federal question.