**UNITED STATES**

v.

**Airman First Class Douglass PATTER-SON, FR 370–54–6986, United States Air Force, Alias Jeffrey E. Howard, FR 264–63–3497.**

**ACM 26098.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 April 1987.

Decided 4 Nov. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

At trial the appellant moved to dismiss all charges and specifications contending that "numerous" pretrial violations of his Constitutional rights under the Fourth, Fifth, and Sixth Amendments so "tainted" the court-martial process that it would be impossible for him to receive a fair trial.

Basically, the appellant argues that his off-base residence in Detroit, Michigan was searched by military law enforcement agents without a search warrant; that he was denied adequate opportunity between 9 January and 12 January 1987 to contact civilian counsel; a government psychologist who examined him under R.C.M. 706 improperly disclosed the results of that examination to investigating agents; and, the conversation between himself and his military defense counsel was illegally monitored by confinement personnel.

Extensive testimony was taken on the issues raised by the appellant, and the trial judge suppressed any materials obtained during the search of his off-base apartment together with any derivative evidence. Mil. R.Evid. 311. The military judge also found that the psychologist spoke with the investigating agents to obtain background data to help her in evaluating the appellant, and during the course of this conversation she divulged information which the appellant had told her. The trial judge held that the appellant's conversation with the psychologist was privileged and any evidence derived from it was inadmissible. Further, he found that the appellant was properly informed of his right to retain civilian counsel, but the delay in contacting a civilian attorney was the result of the appellant refusing to tell the interviewing agents who his civilian lawyer was. All questioning stopped after a request for counsel was made and no statement was obtained from the appellant. Finally, the judge ruled that the overhearing of the appellant's telephone conversation with his military counsel was inadvertent and not an attempt to breach the attorney-client privilege; however, the prosecution would be precluded from using the conversation or any evidence flowing from it against the appellant.

After the trial judge denied the motion to dismiss, the appellant pleaded guilty [1] to impersonating an officer, six allegations of uttering worthless checks with the intent to defraud, larceny of $5,600.00, desertion terminated by apprehension, fraudulent enlistment and failing to pay just debts. A pretrial agreement limited the punishment to a dishonorable discharge, five years confinement, total forfeitures of all pay and allowances and reduction to airman basic.

A violation of general due process can be the basis to overturn a conviction, however it should be applied only in those rare instances where the law enforcement involvement reaches a demonstrable level of outrageousness. *United States v. Kelly*, 707 F.2d 1460 (C.A.D.C.1983). To be so "outrageous" as to deny due process, government enforcement procedures must be fundamentally unfair or shocking to a universal sense of conscience which generally includes: coercion, violence or brutality to the person. *United States v. Andrews*, 765 F.2d 1491 (11th Cir.1985); *United States v. Jenrette*, 744 F.2d 817 (C.A.D.C.1984). The burden, of course, is on the

---

1. R.C.M. 910 requires that a conditional guilty plea be in writing in order that prearraignment motions be reserved for appeal. *See United States v. Forbes*, 19 M.J. 953 (A.F.C.M.R.1985). That was not done here as the trial defense counsel, trial counsel and military judge verbally agreed that the guilty plea was conditional.

accused to establish that the conviction was obtained in violation of due process. *United States v. Lieberman,* 608 F.2d 889 (10th Cir.1979). The test is whether, under the circumstances, the accused received a fair trial. *United States v. Baca,* 687 F.2d 1356 (10th Cir.1982).

 A Fourth or Fifth Amendment violation does not occur until the challenged evidence is introduced at trial. *People v. Pleasant,* 101 Misc.2d 154, 420 N.Y.S.2d 859 (1979). Here, the evidence obtained by the alleged government misconduct was suppressed by the trial judge and was never given to the members. The conduct of the law enforcement agents in searching the appellant's apartment was not so fundamentally unfair or shocking to a universal sense of justice as to deny due process. The "denial of counsel" allegation and the claim that the government wrongfully obtained privileged information are also insufficient to justify overturning the appellant's conviction on a lack of due process assertion. *Pisa v. Streeter,* 491 F.Supp. 530 (D.C.Mass.1980); *McCarroll v. Alabama,* 422 F.Supp. 137 (D.C.Ala.1976). The remaining assigned errors are resolved against the appellant. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.